Eastern District of Kentucky
**F I L E D**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON

**DEC 2 0 2005**

AT LEXINGTON
LESLIE G WHITMER
CLERK U S DISTRICT COURT

CIVIL ACTION NO. 05-CV-469-KSF

CHRISTOPHER J. BOLT                                               PLAINTIFF

VS:                    **MEMORANDUM OPINION AND ORDER**

JOE BOOKER, ET AL.                                              DEFENDANTS

The *pro se* plaintiff, Christopher J. Bolt, is confined at the Federal Medical Center in Lexington, Kentucky ("FMC-Lexington"). He has filed a *pro se* civil rights complaint under 28 U.S.C. §1331, pursuant to the doctrine announced in *Bivens v. Six Unknown Federal Narcotics Agents*, 403 U.S. 388 (1971).[1]

This matter is before the Court for initial screening. 28 U.S.C. §1915A; *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

To state a claim that is cognizable as a *Bivens* action, the plaintiff must plead two essential elements. He must show, first, that he has been deprived of rights secured by the Constitution or laws of the United States and, second, that the defendants allegedly depriving him of those rights acted under color of federal law. *Bivens*, 403 U.S. at 397.

This is a *pro se* complaint and, as such, it is held to less stringent standards than those drafted by attorneys. *See Cruz v. Beto*, 405 U.S. 319 (1972); *Haines v. Kerner*, 404 U.S. 519 (1972). The allegations in a *pro se* complaint must be taken as true and construed in favor of the plaintiff. *See*

---

[1] The plaintiff originally filed this action on September 9, 2005, in the United States District Court for the Western District of Missouri, as *Bolt v. Booker*, Case No. 05-829-CV-W-GAF-P (Hon. Gary A. Fenner, presiding). On October 12, 2005, Judge Fenner entered an Order transferring this proceeding to this Court [Record No. 1].

*Malone v. Colyer*, 710 F.2d 258, 260 (6th Cir. 1983).  However, 28 U.S.C. §1915(e)(2) affords a

court the authority to dismiss a case at any time if the court determines that the action is (i) frivolous

or malicious or (ii) fails to state a claim upon which relief can be granted.

## CLAIMS

The plaintiff did not set forth his claims in clear manner.  Construing the plaintiff's various

submissions as broadly as possible, it appears that he is seeking the release of documents under the

privacy Act, 5 U.S.C. §552.  He also seeks a transfer to another medical facility.  The plaintiff may

also be asserting a claim of retaliation under the First Amendment of the United States Constitution.

## NAMED DEFENDANTS

The plaintiff names Joe Booker, former warden of FMC-Lexington, as the defendant.  The

Court notes that Stephen Dewalt is now the current warden of FMC-Lexington.

## ALLEGATIONS OF THE COMPLAINT

The Court was required to interpret the plaintiff's claims from the various documents he

filed.  The complaint, which the plaintiff originally filed in the District Court in Missouri, is entitled

as follows:

> "Privacy Act Complaint, Title 5 #552 (a)(g)(1)(c)
> and Civil Rights Action 42 USC 1983

In that complaint, the plaintiff alleged that in 1965, the Federal Bureau of Investigation

("FBI") used him as a "'covert asset' on material submitted to the Court" (referring to the District

Court in Missouri) [Record No. 1, Complaint].[2]  He alleges that he worked under cover for the Drug

Enforcement Agency ("DEA") until he developed cancer and was unable to work .

---

[2] The plaintiff alleges that his real name is Joseph Orby Smith, but that in 1972, government officials changed his name to Christopher Bolt, and issued him new identity papers including a new Social Security card, a new birth date of 1934, a new driver's license, and a new passport.  He further alleges that the Chief Judge of the District Court in Missouri expunged his criminal history.

Construing the complaint broadly, it appears that the plaintiff is asserting a claim under the
Privacy Act, 5 U.S.C. § 552, for the release of court and/or other confidential documents relating to
his alleged covert activity, which he claims continued for seven years, from 1965 to 1972. He states
that as an undercover operative, he served the federal government for 20 years and testified in 24
trials, including the "Black Panthers" trial and the "Black Muslims" trial. The plaintiff states that
his records are maintained in the National Archives.

The plaintiff mentions having contacted Harley Lappin, the Director of the Bureau of Prisons
("BOP"), about his request for the release of his documents. While his description of that effort is
far from clear, it appears that he alleges that in response to his inquiry with Lappin, the warden of
FMC-Lexington threatened to put him in solitary confinement.

The plaintiff further states that he is 81 years old, and is the oldest prisoner at FMC-
Lexington, and that he suffers from a long list of serious medical conditions such as blindness,
paralysis to his left side as the result of a stroke, and an inoperable heart condition. He concluded
his complaint by asking for a transfer to a medical hospital "where his life will not be in danger."
[Record No. 1,Complaint, p. 4] He states that if he had been put in solitary confinement, he would
not have survived. Broadly construed, his claim that he was threatened with placement in solitary
confinement would be one of retaliation under the First Amendment.

Finally, the plaintiff also attached to his complaint various BOP medical documents which
verify that he suffers from various medical conditions. The plaintiff attached to both his complaint
and to his "Certificate of Inmate Account" [Record No. 5] a "Medical Treatment Refusal" form. In
that form, dated June 3, 2005, the medical staff at FMC-Lexington listed the plaintiff's various
medical conditions and stated that the plaintiff declined the following medical advice:

3

Continue medical treatments, examinations, follow consultations pending and follow consultants recommendations

["Medical Treatment Refusal" form, attachment to Record Nos. 1 and 4] [3]

## DISCUSSION

The plaintiff has filed five (5) previous civil actions in this Court. All five have been dismissed. The Court will not reiterate the discussion of the first four of these five civil actions, all of which are discussed in the June 20, 2005 Memorandum Opinion and Order dismissing the fifth civil action the plaintiff filed, which was *Christopher Bolt v. Joe Booker, Jr.*, Lexington Civil Action No. 05-236-JMH (Hon. Joseph M. Hood, presiding) ("*Bolt V*").[4] In that Memorandum Opinion and Order, Judge Hood warned the instant plaintiff that because this Court had dismissed the four preceding civil actions which the plaintiff had filed, he was in jeopardy of violating the "Three Strikes" provision of the PLRA (28 U.S.C. §1915(g)), which states as follows:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

28 U.S.C. §1915(g).

In fact, Judge Hood quoted the language the undersigned used on September 13, 2004, in dismissing *Bolt IV*:

> "Therefore, a prisoner meeting the statutory condition of having three prior actions dismissed for any of the reasons set out above may not be granted permission to proceed without prepayment of fees under §1915; *the only exception to this limitation*

---

[3] The form reflects that the plaintiff's signature was witnessed by two people.

[4] These cases are: (1) *Bolt v. Snyder*, Lexington No. 03-CV-123-JMH (filed March 7, 2003) ("*Bolt I*"); (2) *Bolt v. Booker*, Lexington No. 03-CV-292-KSF (filed July 8, 2003) ("*Bolt II*"); (3) *Bolt v. Booker, et al.*, Lexington No. 04-CV-33-JMH (filed January 28, 2004) ("*Bolt III*"); (4) *Bolt v. Booker, et al*, Lexington 04-CV 249-KSF (filed June 4, 2004) ("*Bolt IV*"); *Bolt v. Booker*, Lexington No. 05-CV-236-JMH (filed June 6, 2005).

*is if the prisoner is under imminent danger of serious physical injury.* Plaintiff is advised to consider this provision prior to any future filings."

[Mem. Op. & Order, 6/20/05, *Bolt V*]{Emphasis Added}.

Less than three months after Judge Hood dismissed *Bolt V* in June of 2005, the plaintiff then filed the instant *Bivens* complaint in the District Court in Missouri, and sought *in forma pauperis* status in that court.[5] While the plaintiff stated in his current complaint--subsequently transferred to this Court--that he suffers from various medical conditions, and that he wanted to be transferred to another medical facility, he did not adequately allege that he is under "imminent" threat of physical injury as required in 28 U.S.C. §1915(g). While the plaintiff generally alleged that he wanted to be transferred to another medical facility because he is "in danger," he failed to explain in any manner *why* he is in danger at FMC-Lexington.

The plaintiff could have sought emergency relief through the BOP's administrative remedy procedure, 28 C. F. R. §542.18, if he believed that he was in imminent danger of physical injury. It does not appear that the plaintiff undertook that step.[6] The Court views his statement as nothing more than an unsubstantiated allegation asserted in an effort to circumvent the "Three Strikes Rule."

As Judge Hood noted in the Memorandum Opinion and Order dismissing *Bolt V*, although the plaintiff has alleged in his other previous civil filings that he was not receiving what he perceived to be adequate medical care at FMC-Lexington, he has never followed all of the requisite steps to

---

[5] Judge Fenner granted the plaintiff only provisional permission to proceed *in forma pauperis*, stating that because he was transferring the complaint to this Court, this Court would have the final say in determining whether the plaintiff was entitled to proceed *in forma pauperis* status.

[6] 28 C. F. R. §542.18 provides in part as follows:

If the Request [from a federal inmate] is determined to be of an emergency nature which threatens the inmate's immediate health or welfare, the Warden shall respond not later than the third calendar day after filing.

grieve this claim through the BOP's administrative remedy process. Those steps are set forth in 28 C. F. R. §§542.10-.16.

In the instant civil action, the plaintiff is primarily seeking, through the Privacy Act, 5 U.S.C. §552, the release of records pertaining to his alleged undercover activity for the United States of America. The plaintiff may secondarily be alleging that the former warden of FMC-Lexington retaliated against him for seeking the release of said documents, by threatening to place him (plaintiff) in solitary confinement. Such claims do not qualify as authorized exceptions to the automatic dismissal provisions under the "Three Strikes Rule," 28 U.S.C. § 1915(g).

The Court will dismiss this action without prejudice, under the "Three Strikes Rule" of 28 U.S.C. §1915(g). The Court will also deny the plaintiff's "Motion to Appoint Counsel" as moot.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** that this action is **DISMISSED WITHOUT PREJUDICE**, *sua sponte*, and judgment shall be entered contemporaneously with this memorandum opinion in favor of the defendant. The plaintiff's "Motion to Appoint Counsel" [Record No. 2] is **DENIED** as **MOOT**.

This the _20th_ day of December, 2005.

_KSF_
KARL S. FORESTER, SENIOR JUDGE